UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT F. MARSHALL, )
)
    Plaintiff, )
)
v. ) No.: 3:11-CV-552
) (VARLAN/SHIRLEY)
ITT TECHNICAL INSTITUTE, *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion to Dismiss [Doc. 20], submitted by defendants Sallie Mae, Inc. ("Sallie Mae") and Pioneer Credit Recovery, Inc. ("Pioneer"), and the Motion to Dismiss [Doc. 21], submitted by United Student Aid Funds, Inc. ("USAF"). Plaintiff Scott F. Marshall has submitted a brief in opposition to the motions to dismiss [Doc. 29], to which Sallie Mae, Pioneer, and USAF have filed reply briefs [Docs. 33, 36]. For the reasons set forth herein, the motions to dismiss will be **GRANTED** and plaintiff's claims against Sallie Mae, Pioneer, and USAF will be **DISMISSED**.

**I.    Relevant Facts[1]**

According to the complaint, defendant ITT Technical Institute ("ITT") is a for-profit school providing educational services; Sallie Mae and USAF are lenders that provide or

---

[1]The following facts are taken mostly from plaintiff's complaint [Doc. 1-1], and will be assumed as true for purposes of the motions to dismiss. *See, e.g.*, *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (noting that in ruling upon motions to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff").

facilitate student loans; and Pioneer is a collection agency and a wholly-owned subsidiary of Sallie Mae [Doc. 1-1, ¶¶ 1-4]. Plaintiff alleges that he enrolled in and attended ITT and that he paid tuition to ITT with student loans acquired through Sallie Mae and/or USAF [*Id.*, ¶ 1]. Plaintiff alleges that defendants,[2] through written advertisements and in-person statements, made misleading and deceptive statements in promoting and recruiting plaintiff for a program at ITT [*Id.*, ¶ 7(a)]. Plaintiff alleges that defendants failed to provide all required information and disclosures that would have allowed plaintiff to make an informed decision about enrolling at ITT and that defendants admitted plaintiff into ITT's program despite plaintiff's failure to demonstrate his qualifications for the program through entrance exams, SAT scores, and other unspecified "objective tests which indicate educational competency" [*Id.*, ¶¶ 7(a), (c)].

Plaintiff further alleges that defendants misrepresented plaintiff's prospects for employment upon graduation from ITT, induced plaintiff to enter contracts with lenders to borrow money, and misrepresented the possibilities for graduates to obtain employment [*Id.*, ¶ 7(b), (d)]. Last, plaintiff alleges that defendants used deceptive and unfair practices in explaining the terms of loans used to pay ITT's tuition and that defendants provided misleading and/or vague information regarding loan amounts, the identity of creditors, interest rates, and information regarding the loans and/or repayment of the loans [*Id.*, ¶ 9(c)].

---

[2]Plaintiff has not alleged any particular allegation against a specific defendant, referring instead to all defendants in the aggregate.

On September 29, 2011, plaintiff filed a complaint in state court, purportedly on behalf of all persons who enrolled at ITT and acquired loans through [Sallie Mae] and/or [USAF]." [*Id.*, ¶ 5]. In his complaint, plaintiff alleges claims for (1) intentional and/or negligent misrepresentation; (2) civil conspiracy; and (3) a violation of the Tennessee Consumer Protection Act of 1977 (the "TCPA"), Tenn. Code Ann. §§ 47-18-101, *et seq.* [*Id.*, ¶¶ 7-12].[3] Plaintiff seeks compensatory damages, disgorgement of "ill-gotten gains," restitution, attorney's fees and costs, state and federal penalties, including treble damages, and injunctive relief [*Id.*, ¶ 14]. Defendants removed the action to this Court [Doc. 1], and Sallie Mae, Pioneer, and USAF filed the instant motions to dismiss [Docs. 20, 21], requesting dismissal of plaintiff's claims on grounds that the complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and fails to meet the heightened pleading standard required under Rule 9(b) for claims alleging fraud or mistake.

## II.  Standards of Review

### A.  Rule 8 and Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[3]In the complaint, plaintiff submits that he "reserves the right" to allege violations of the Federal and State Debt Collection Practices Acts and that he will "amend such claim" after discovery [Doc. 1-1, ¶ 13]. However, because the complaint does not contain any facts in support of these claims, nor a single reference to the applicable federal or state statutes under which plaintiff is seeking relief, the Court does not find plaintiff's attempted reservation of his right to assert claims under these acts to be of any effect.

3

R. Civ. P. 8(a)(2). In 2007, the United States Supreme Court modified the pleading standard in the context of antitrust cases. *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss—which attacks the sufficiency of a complaint—the plaintiff must state a claim for relief that is plausible on its face. *Id.* In 2009, the Supreme Court extended the *Twombly* (or plausibility) standard to all federal civil cases. *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1953 (2009).

Under the *Twombly*/*Iqbal* standard, a claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While this is "not akin to a 'probability requirement,'" the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). In other words, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A plaintiff falls short of this standard by pleading facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.*

In ruling upon motions to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.*, 487 F.3d at 476. The Court,

4

however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). *See also Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555). Ultimately, this determination—whether a plaintiff's claim is "plausible"—is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citations omitted).

**B.     Rule 9(b)**

When a plaintiff pleads fraud or mistake, those claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he or she relied; the fraudulent intent of the defendants and the injury resulting from the fraud." *Gebhardt v. GMAC Mortg., LLC*, No. 3:09-CV-425, 2010 WL 2901823, at *4 (E.D. Tenn. July 21, 2010) (citing *Calipari v. Powertel*, 231 F. Supp. 2d 734, 735-36 (W.D. Tenn. 2002) (citations omitted)).

**III.    Analysis**

Plaintiff has alleged, against all defendants, claims for intentional and/or negligent misrepresentation, a violation of the TCPA, and a civil conspiracy. Plaintiff's complaint contains allegations of deceptive acts, misrepresentations, detrimental reliance, fraud, deceit, and other unconscionable or inequitable conduct [Doc. 1-1, ¶¶ 7-8, 11]. Sallie Mae, Pioneer, and USAF seek dismissal of plaintiff's claims for failure to plead with the particularity required under Rule 9(b) and because plaintiff's factual allegations are insufficient under Rule 8. In response, plaintiff asserts that he has not brought claims of fraud or mistake and therefore is not required to plead his claims with particularity under Rule 9(b).

Upon review of the relevant Tennessee case law, plaintiff's claims and related allegations, and as explained herein, the Court concludes that plaintiff's claims for intentional and/or negligent misrepresentation and a violation of the TCPA do fall within the pleading requirements of Rule 9(b).

Under Tennessee law, claims for intentional and negligent misrepresentation are analyzed under the heightened standard set forth in Rule 9(b). *See Power & Tel. Supply Co., Inc. v. SunTrust Bank, Inc.*, 447 F.3d 923, 831 (6th Cir. 2006) ("Intentional misrepresentation is analyzed as a claim for fraud under Tennessee law. As such, it must be stated with particularity, and the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud.") (citing Fed. R. Civ. P. 9(b)) (other internal citation omitted); *In re Nissan North Am., Inc. Odometer Litig.*, 664 F. Supp. 2d 873, 881 (M.D. Tenn. 2009)

6

("Rule 9(b)'s heightened pleading standard clearly applies to the plaintiffs' state law claims of fraud and negligent misrepresentation.").

Plaintiff's claim for a violation of the TCPA premised on defendants' alleged acts of "fraud, deceit, intentional misrepresentation and other unconscionable or inequitable conduct" [Doc. 1-1, ¶ 11] is also subject to Rule 9(b)'s heightened pleading requirements. *See McKee Foods Corp. v. Pitney Bowes, Inc.*, No. 1:06-CV-80, 2007 WL 896153, at *5 (E.D. Tenn. Mar. 22, 2007) (stating that the plaintiff's claims for an unfair or deceptive practice under the TCPA "are subject to Rule 9(b)'s specific pleading requirements") (citing *Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at *5 (6th Cir. Aug. 17, 2005) (noting that allegations of fraud in connection with claims under the TCPA must be pled with specificity)).

Applying the Rule 9(b) pleading requirements, the Court concludes that plaintiff's claims for intentional and/or negligent misrepresentation and for a violation of the TCPA do not meet those requirements. Plaintiff makes no specific allegations regarding any defendant. Rather, plaintiff repeats the blanket allegation that, in the aggregate, the four "defendants" made misleading statements and engaged in deceptive acts [Doc. 1-1, ¶¶ 7(a)-(e), 11]. Given plaintiff's allegation that these defendants are separate entities with separate businesses and separate business functions [*see* Doc. 1-1, ¶¶ 1-4], plaintiff's grouping of all of these defendants and his failure to differentiate any conduct falls short of what is required for pleading claims relating to fraud and mistake. Plaintiff has also not alleged the time, the place, or the content of the alleged misrepresentations, what the fraudulent intent of each

7

defendant was, the particulars of the allegedly deceptive practices, when such practices occurred, or which defendant was involved. Accordingly, because plaintiff has failed to plead his claims for intentional and/or negligent misrepresentation and for a violation of the TCPA with the particularity required under Rule 9(b), those claims will be **DISMISSED** as to Sallie Mae, Pioneer, and USAF.

Under Tennessee law, a plaintiff pleading a civil conspiracy claim is required to prove: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid*, 221 S.W.3d at 38 (citing *Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 720 (E.D. Tenn. 2001)). While the Federal Rules of Civil Procedure do not state that civil conspiracy claims must be pled with particularity, the Tennessee Court of Appeals has stated that "[c]onspiracy claims must be pled with some degree of specificity . . . . [and c]onclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010) (internal citations omitted); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006); *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 996-97 (W.D. Tenn. 2009). Thus, as this case law indicates, Tennessee courts and federal district courts applying Tennessee law have found that civil conspiracy claims must be pled with specificity.

In his complaint, plaintiff makes the conclusory assertion that defendants were "acting jointly and as co-conspirators" engaged in a civil conspiracy [Doc. 1-1, ¶ 9]. While plaintiff

generally alleges several deceptive acts, including providing misleading information regarding loans, the complaint is devoid of any factual allegation specific to any defendant, devoid of any factual allegation describing or supporting the element of a concerted action or common design, and devoid of any factual allegation describing or supporting an overt act in furtherance of the civil conspiracy. As such, plaintiff's allegations are insufficient under Rule 8 and the relevant case law to state a claim for a civil conspiracy under Tennessee law. Accordingly, plaintiff's civil conspiracy claim will be **DISMISSED** as to Sallie Mae, Pioneer, and USAF.[4]

IV.     **Conclusion**

For the reasons given above, the motions to dismiss [Docs. 20, 21] of Sallie Mae, Pioneer, and USAF are **GRANTED** and plaintiff's claims against Sallie Mae, Pioneer, and USAF are **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

---

[4]The Court also notes that a civil conspiracy claim is not a stand-alone claim. Thus, because the Court has found plaintiff's claims for intentional and/or negligent misrepresentation and for a violation of the TCAP are insufficient under Rule 9(b) standards, plaintiff has therefore failed to plead an underlying tort for his civil conspiracy claim and this claim fails for this reason as well. *See Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) ("It is well settled in Tennessee that the tort of civil conspiracy requires underlying wrongful conduct, and that conspiracy, standing alone, is not sufficient to support a cause of action[.] If the underlying wrongful conduct is found to be not actionable than the conspiracy claim must also fail.") (quoting *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 887 (W.D. Tenn. 1999)).